UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

v.

LINDA NEAL; et al.,

    Defendants.

          /

No. C 12-2207 SI (pr)

**ORDER OF SERVICE AND DENYING PRELIMINARY INJUNCTION REQUEST**

## INTRODUCTION

Michael J. Hicks, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983, complaining about conditions at Salinas Valley State Prison, where he previously was housed. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Hicks alleges the following in his complaint: On October 10, 2011, Hicks was transferred to the Salinas Valley psychiatric program, under the care of the California Department of Mental Health, pursuant to California Penal Code § 2684. Docket # 1-1, p. 2. He was transferred due to his numerous admissions to a mental health crisis bed unit for suicidal ideation and suicide watch. *Id.* at 3.[1] He complained to clinician Kulka that he "suffers from compulsions of self mutilation and suicidal ideation brought about by 'thought type' voices and fantas[ies] of sexual violence." *Id.* He has had almost 100 "recorded events of suicidal type behaviors." *Id.*

---

[1] In an attachment to the complaint, Hicks wrote that he has "a mood disorder and [is] schizoaffective-bipolar" as well as has a "sever[e] sexual sadism disorder. The combination of these factors cause [him] to want to harm [him]self and others." Docket #1-2, p. 3.

Within four days of his arrival, Hicks began his efforts to get out of the Salinas Valley psychiatric program. On October 15, 2011, he filed a health care appeal form in which he "requested DMH headquarters review for alternative placement, where extensive one on one treatment with focus on sexual violent and self-worth coping skills could be offered by a clinician trained in the field of sexual disorders." *Id.* His requests were denied by defendant Dosange at the first level, defendant Neal at the second level, and at the director's level. The denials apparently were based on the fact that the program at Salinas Valley into which he had been placed was to address his Axis 1 diagnosis of mood disorder -- not otherwise specified, and not to address any sexually violent predator problems.

Hicks alleges that, on December 12, 2011, he began to fear that his repeated requests for individualized targeted treatment would lead to reprisal in the form of ejection from the Salinas Valley psychiatric program and being returned to the CDCR. On December 21, 2011, defendant Kulka confronted Hicks about an appeal and state habeas petition Hicks had filed. Hicks told Kulka "'I'm not taking your psych meds anymore. I don't like you, and I want a different psychiatrist. I'm gonna sue you for medical malpractice.'" Docket # 1-1, p. 6. That day, Kulka discharged Hicks from the program. Hicks was returned to Pelican Bay and was admitted to a mental health crisis bed unit for suicidal ideation shortly after his return to Pelican Bay.

Hicks alleges that defendants were deliberately indifferent to his serious mental illness "by failing to provide reasonable access to personnel qualified to diagnos[e] and and treat his illness as a serious medical need." *Id.* at 6-7.

## DISCUSSION

A.   Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. *See generally Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). To prove that the response of prison officials to a prisoner's mental health needs was constitutionally deficient, the prisoner must establish (1) a serious mental health need and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Liberally construed, the *pro se* complaint states a cognizable claim for a violation of Hicks' Eighth Amendment rights based on his allegations that defendants have failed and refused to adequately treat his mental illness. The complaint adequately links defendants Dosange, Neal and Kulka, all of whom allegedly rejected Hicks' requests for the particular kind of care he allegedly needs.

B.  <u>Motion for Preliminary Injunction</u>

Hicks has moved for a preliminary injunction requiring defendants "and all persons acting in concert with them" to (a) "provide plaintiff with a diagnostic evaluation of his sexual sadism disorder and if proven to be found life threatening, cause plaintiff to be transferred to the Department of Mental Health for suitable treatment," or (b) have him examined by an expert psychiatrist appointed by the *Coleman* special master "for suitability of placement in an appropriate DMH facility for individualized-targeted treatment of his sexual disorder." Docket

# 2, p. 7.

Plaintiff is not entitled to an injunction because he has completely failed to show a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The motion is DENIED. (Docket # 2.)

First, the requested injunction almost admits that the complaint lacks merit: Hicks' preliminary injunction motion asks for him to be diagnosed with the disorder he alleges in his complaint that he has, and his preliminary injunction motion asks for a professional to deem him in need of the particular kind of treatment he alleges in his complaint that he needs. If he has not been diagnosed by a medical professional with a sexual sadism disorder, and if no medical care professional has determined that he needs individualized-targeted treatment of his sexual disorder at this time, he will have a rather difficult time demonstrating that defendants acted with deliberate indifference – i.e., knew of and disregarded a substantial risk of serious harm to Hicks' health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Second, the record now before the court suggests this will be a "difference of opinion" kind of case. A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Nothing in Hicks' presentation suggests any likelihood that he would be able to demonstrate "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that "they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Third, the motion for preliminary injunction is completely devoid of competent and credible *evidence* to support it. There is, for example, no competent and credible evidence that Hicks has been diagnosed by a medical professional as having a sexual disorder, that any medical care provider has prescribed the particular treatment program he wants, that his suicidal ideation/self-harming desires stem from his alleged sexual disorder and not his other mental illnesses; or that his suicidal ideation/self-harming desires could not be addressed in the DMH program he rejected after just a few days in it or in the mental care program now available to him

4

at his current prison.

Hicks may believe there is an inconsistency between the court's determination that the complaint states a claim for deliberate indifference and the court's denial of the preliminary injunction request. Such a belief would be erroneous. The determinations are not inconsistent because the legal standards are different. In evaluating a *pro se* litigant's complaint, the court is evaluating only the legal sufficiency of the pleading and is bound by rules that require the court to liberally construe the pleading and to accept as true the allegations of fact therein. Those same rules do not apply to a request for preliminary injunction, as such relief "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). In other words, the movant has to demonstrate, not merely allege, his entitlement to a preliminary injunction. Hicks' allegations that may be sufficient for pleading purposes simply are not enough to prove his entitlement to a preliminary injunction.

**CONCLUSION**

1. The complaint, liberally construed, states a cognizable § 1983 claim against Linda Neal, R. Dosange, and William Kulka for an Eighth Amendment violation. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following three defendants, who apparently work in the Salinas Valley Psychiatric Program at Salinas Valley State Prison:

- Linda Neal (program director)
- R. Dosange (health care program coordinator)
- William Kulka, M.D. (contract psychiatrist)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **December 7, 2012**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case

5

cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. Defendants must provide to plaintiff a new *Rand* notice regarding summary judgment at the time they file a motion for summary judgment. *See Woods v. Carey*, No. 09-15548, slip op. 7871, 7874 (9th Cir. July 6, 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **January 11, 2013**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 25, 2013**.

   4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. Plaintiff's request for a preliminary injunction and expedited consideration of that request are DENIED. (Docket # 2, # 3.)

IT IS SO ORDERED.

Dated: August 31, 2012

_____
SUSAN ILLSTON
United States District Judge

7