United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDA NEAL; et al.,<br><br>    Defendants.<br>_____ / | No. C 12-2207 SI (pr)<br><br>**ORDER DENYING MOTIONS TO QUASH SUBPOENAS, PERMITTING AMENDED COMPLAINT, AND SETTING SCHEDULE** |

    This matter is now before the court for consideration of plaintiff's motions to quash or modify subpoenas issued by defendants for plaintiff's prison medical records and his motion to amend his complaint.

A. <u>The Subpoenas For Plaintiff's Medical Records</u>.

    A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things...." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of documents which are "nonprivileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund,*

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Upon a timely motion, the court will quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

Plaintiff objects to the production of his medical records for several reasons. The only portion of his motions that merits any discussion is his argument that the subpoenas should be limited to the record defendants had when they admitted him into the mental health program in 2011.[1] Although he initially claimed the materials were privileged, he later dropped that argument and now argues that allowing defendants to retrieve his allegedly voluminous medical records from his 20 years of incarceration is improper. *See* Docket # 26, p. 2 ("Plaintiff has no objection to the privileged information sought by the defendants. To subpoena plaintiff's DMH medical records from admission to discharge is unnecessary"); Docket # 33, p. 3 ("plaintiff's current state of mental health is not relevant"). He apparently wants the court to limit the subpoena's reach to exclude records (1) generated after his discharge from the mental health program in 2011, and (2) generated before his entry into the mental health program that defendants did not consider. *See id.*; Docket # 33, p. 2; Docket # 34, p. 3.

Plaintiff has sued mental health practitioners for allegedly failing and refusing to adequately treat his mental illness, and thus has put his mental health at issue in this action. In so doing, he has waived any privilege and privacy rights for his medical records that contain information about his mental health. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) ("confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence"); *id.* at 15 n.14 (privilege may be waived); *Sanchez v. U.S. Airways, Inc.*, 202

---

[1] Some of plaintiff's arguments against the subpoenas are meritless. Plaintiff contends that Salinas Valley is not a party and does not possess any of the records sought. Neither of those objections is grounds for quashing a subpoena: a subpoena may be issued against a non-party who will produce the records or state that it does not have them. Plaintiff also argues that the records are voluminous, but that too is not a grounds for quashing a subpoena against a non-party. Plaintiff also asks several questions about why defendants want the records. A party's desire to learn more about the litigation process and his opponent's strategy are not grounds for quashing a subpoena. Plaintiff's contention that the subpoenas violate federal regulations is unpersuasive because 45 C.F.R. § 164.512(e) permits disclosure of medical records in response to subpoena as long as (as here) the individual received notice of the disclosure.

1 F.R.D. 131, 134 (E. D. Penn. 2001) (like other testimonial privileges, the psychotherapist
2 privilege may be waived; privilege waived by bringing a claim that puts plaintiffs' emotional
3 state at issue); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S. D. Cal. 1999); *cf. Seaton v.*
4 *Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (prisoner has a diminished expectation of privacy
5 in his medical records). This case does not involve a routine claim of emotional distress where
6 there may be a question as to whether the privilege has been waived: defendants' response to
7 plaintiff's mental health needs is at the very core of this case.

8 From the limited record before the court, it appears that issues in this case include the
9 nature of plaintiff's mental illness(es), the appropriate treatment(s) for the mental illness(es), and
10 the connection between his suicidal thoughts and particular mental illness(es).[2] He appears to
11 disagree with defendants' diagnoses and course of treatment. Plaintiff's prison medical records
12 would include his mental health records, information about his suicidal activities, his requests
13 for care, and the treatment program he entered. These are documents that are relevant to the
14 claims and defenses in this action, and therefore are discoverable. *See* Fed. R. Civ. P. 26(b). In
15 light of the absence of a firm starting date for the mental illness that is critical to plaintiff's claim
16 and his claimed ongoing problems and need for treatment, defendants may have discovery of
17 plaintiff's medical records for his entire stay in the prison system.

18 Plaintiff's motions to quash or modify the subpoenas are DENIED. (Docket # 23, # 26,
19 # 27.)

---

24 [2]Plaintiff's own filings suggest he has a complicated mental health picture. In an attachment to the complaint, Hicks wrote that he has "a mood disorder and [is] schizoaffective-bipolar" as well as has a "sever[e] sexual sadism disorder. The combination of these factors cause [him] to want to harm [him]self and others." Docket #1-2, p. 3. However, in his motion for a preliminary injunction, he asked to be diagnosed with the disorder he alleged in his complaint that he has, and asked for a professional to deem him in need of the particular kind of treatment he alleged in his complaint that he needs. *See* Docket # 2, p. 7. His claimed sexual sadism disorder may have existed throughout his imprisonment, as he is in prison serving a 35-year sentence on his conviction of rape, oral copulation, kidnapping and false imprisonment in 1993. *See Hicks v. Palmer*, C 98-4574 CAL (Order Denying Habeas Petition).

3

B.   Motion To Amend Complaint

Plaintiff filed a motion to file an amended complaint and submitted a proposed amended complaint with the motion. (Docket # 12, # 13.) Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Plaintiff's amended complaint adds a new defendant, M. Knapp, a social worker at the Salinas Valley psychiatric program, who (with Dr. Kulka) failed to provide targeted sexual disorder treatment and caused him to be discharged from the psychiatric program. *See* Amended Complaint, ¶¶ 9-10, 21-22. Liberally construed, the amended complaint states a cognizable § 1983 claim against defendant Knapp for deliberate indifference to plaintiff's serious mental illness. Plaintiff's motion to file an amended complaint is GRANTED. (Docket # 12.) The amended complaint is now the operative pleading.

C.   Scheduling

1.   The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon social worker M. Knapp, who apparently works in the Salinas Valley Psychiatric Program at Salinas Valley State Prison.

2.   The court earlier vacated the briefing schedule for dispositive motions so that it could address plaintiff's motion to quash the subpoenas and motion to amend the complaint. Now that those motions have been addressed and in order to expedite the resolution of this case, the following new briefing schedule for dispositive motions is set:

   a.   No later than **May 24, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinions that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, defendants must provide to plaintiff a

4

notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **June 21, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 12, 2013**.

   3. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).
>
> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed

5

and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

4. Defendants are represented by different attorneys in this action. Plaintiff is cautioned that he must send a copy of every document he files to each of those attorneys. Even if the document plaintiff files pertains to only one defendant, he must send a copy of it to each of the attorneys representing defendants in this action.

IT IS SO ORDERED.

Dated: February 20, 2013

_____
SUSAN ILLSTON
United States District Judge