UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

      Plaintiff,

v.

LINDA NEAL; et al.,

      Defendants.
                             /

No. C 12-2207 SI (pr)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR SERVICE OF SUBPOENAS**

A.    <u>Plaintiff's Motion To Compel</u>

      Plaintiff, Michael Hicks, has moved to compel production of documents. Defendants stated in their opposition that, after the motion was filed, they served their responses and produced the documents. Docket # 44, p. 3. Hicks did not file a reply to the opposition, or otherwise dispute this assertion. Hicks' motion to compel discovery therefore is DENIED. (Docket # 40.)

      Hicks' request for sanctions in that same motion is DENIED. Defendants' explanation of their delay in responding due to their confusion about the discovery requests is convincing; the court also has experienced some confusion about some of Hicks' filings that are not clearly labeled about which defendant(s) they pertain to and that arrive in several parts. For example, Hicks' earlier motions to quash subpoenas came in four parts (Docket #s 22, 23, 26, and 27), followed by a reply in two parts (Docket #s 33 and 34), followed by a supplement (Docket # 39). Sanctions against defendants are not warranted here.

      The parties' submissions show a potential problem that can easily be solved. Hicks stated that he received a document production on a compact disk ("CD"), which was confiscated at the prison as contraband. *See* Docket # 42, ¶. 1-2. It is unrealistic to expect that a prisoner will

1  have ready access to a computer to view documents contained on a CD. If defendants did not
2 produce a paper copy of the documents, and only produced a CD containing electronic images
3 of documents, they must mail a paper copy of the documents to Hicks no later than **May 3, 2013**.

5  B.    Plaintiff's Motion To Have Marshal Serve Subpoenas.
6       In this action, Hicks sues several mental health care providers for deliberate indifference
7 to his serious mental health needs. The events and omissions giving rise to Hicks' claims
8 occurred in and after October 2011 at Salinas Valley State Prison. When he filed his complaint,
9 Hicks also filed a motion for a preliminary inunction, which the court denied because Hicks had
10 "completely failed to show a likelihood of success on the merits." Docket # 7, p. 4.[1]
11       Several months ago, Hicks objected when defendant attempted to subpoena his prison
12 medical records. The court denied the motion to quash, finding the records to be discoverable:

> From the limited record before the court, it appears that issues in this case include the nature of plaintiff's mental illness(es), the appropriate treatment(s) for the mental illness(es), and the connection between his suicidal thoughts and particular mental illness(es). He appears to disagree with defendants' diagnoses and course of treatment. Plaintiff's prison medical records would include his mental health records, information about his suicidal activities, his requests for care, and the treatment program he entered. These are documents that are relevant to the claims and defenses in this action, and therefore are discoverable. *See* Fed. R. Civ. P. 26(b). In light of the absence of a firm starting date for the mental illness that is critical to plaintiff's claim and his claimed ongoing problems and need for treatment, defendants may have discovery of plaintiff's medical records for his entire stay in the prison system.

19 Docket # 35, p. 3.
20       Although Hicks objected to defendants' efforts to obtain his prison medical records, he
21 has now changed course and apparently decided he should go fishing for even more records.
22 Hicks asks the court to order the Marshal to serve three subpoenas for some very old medical
23 records. He wants to subpoena (1) Atascadero State Hospital for his "complete medical records"
24 for his admissions in 1982 and 1995-1996; (2) the San Bernardino County Sheriff for his
25 complete medical records that apparently were generated in and around 1997, as that is the date

---

[1] The court observed that "the requested injunction almost admits that the complaint lacks merit," that the record suggested "this will be a 'difference of opinion' kind of case," and that a mere difference of opinion does not establish deliberate indifference. Docket # 7, p. 4.

(left margin: United States District Court / For the Northern District of California)

of the abstract of judgment he attached, and (3) the Department of Mental Health for his "complete medical records" from his admission in August - October 1998.

A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things...." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of documents which are "nonprivileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Even when the discovery sought is within that broad range of permissible discovery, on motion or upon its own initiative, the court may alter the extent of use of the discovery methods if the court determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

The court can enforce a party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). The threat of monetary sanctions and the expense of conducting discovery usually keeps most litigants within the realm of reasonableness in discovery. But these financial disincentives don't work as well with pauper litigants. Monetary sanctions have little deterrent effect on a person with no money and the litigant's cost for serving a records-only subpoenas is virtually non-existent when the Marshal is employed to serve the subpoenas. In addition to there being little to prevent a pauper litigant from overreaching with document subpoenas, the court or Marshal actually incurs an expense if the Marshal must serve the subpoenas.

The subpoena power is a substantial delegation of authority to private parties, and those

3

>  who invoke it have a grave responsibility to ensure it is not abused. Informing the person served of his right to object is a good start, *see* Fed. R. Civ. P. 45(a)(1)(D), but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness. Fighting a subpoena in court is not cheap, and many may be cowed into compliance with even overbroad subpoenas, especially if they are not represented by counsel or have no personal interest at stake.

*Theofel v. Farey Jones*, 359 F.3d 1066, 1074-75 (9th Cir. 2004).

Although the issuance of subpoenas is normally a clerical task at the court, the subpoenas here appear to abuse the subpoena power and compel the court to enforce the litigant's duty to avoid imposing undue burden or expense on the intended recipients of the subpoenas. *See* Fed. R. Civ. P. 45(c)(1). First, the subpoenas for medical records that are 15-30 years old appear to be beyond the scope of permissible discovery in an action which concerns his mental health care in 2011. Second, it is quite likely that the entities charge photocopying or access fees to provide the records, yet it appears that Hicks has no means to pay any such charges. The court declines to facilitate Hicks' effort to impose substantial burdens on third parties to assemble and copy materials for him that he appears to have no means to pay for and may not even be able to access or use. Hicks' request to have the subpoenas served is DENIED. (Docket # 43.) Hicks may file a new request for issuance and service of subpoenas provided that he provides a particularized explanation of why he needs the subpoenaed materials and shows that he has the means to pay any costs associated with the subpoena. Before he files such a request, he must make inquiries to the entities he wants to subpoena so he can learn the charges for the entities to provide the documents he wants, and he must report that information to the court in any request for issuance and service of subpoenas.

The briefing schedule for dispositive motions previously set remains in place. Plaintiff is cautioned that he must send to both defense counsel a copy of each and every document he files with the court; the court will not relay information to defense counsel for him, as he requested in his notice of chance of address.

IT IS SO ORDERED.

Dated: April 18, 2013

_____
SUSAN ILLSTON
United States District Judge