UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

    v.

LINDA NEAL; et al.,

    Defendants.
                                 /

No. C 12-2207 SI (pr)

**ORDER TO SEAL ONE EXHIBIT**

    In this *pro se* prisoner's civil rights action, plaintiff alleges that four defendants were deliberately indifferent to his need for mental health care while he was in the Salinas Valley psychiatric program in late 2011. Defendants have filed an administrative motion to file their motion for summary judgment under seal, arguing that their inclusion of plaintiff's mental health care records requires that their motion and supporting documents be concealed from the general public. Plaintiff has not opposed the motion.

    The court may order a document filed under seal "upon a request that establishes that the document, or portions thereof are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly tailored to seek sealing only of sealable material." N. D. Cal. Local Rule 79-5. There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)

(citation omitted).

Defendants seek to file under seal documents that include information about plaintiff's mental illnesses and their mental health care decisions. A significant amount of that information is already in the public record as a result of plaintiff's unsealed filings and some of the court's orders. Also, the court earlier found that plaintiff "has waived any privilege and privacy rights for his medical records that contain information about his mental health" by suing mental health practitioners for allegedly failing and refusing to adequately treat his mental illness. Docket # 35 at 2 (order denying plaintiff's motion to quash subpoena). Defendants' citation to California Welfare and Institutions Code § 5328, does not appear to support the sealing of the court record because (assuming arguendo that it applies at all), § 4238(f) permits disclosure of confidential information "[t]o the courts, as necessary to the administration of justice." Similarly, disclosure in court proceedings appears to be permitted under the federal regulations cited by defendants. *See e.g.,* 45 C.F.R. § 164.512(e).

The public interest weighs in favor of allowing public access to the filings in this action. There currently is public debate about the adequacy of medical and mental health care provided in the California prison system. The public has a right to know about state officials' efforts (or lack of efforts) to provide mental health care to inmates in their custody, and that issue is at the very core of plaintiff's complaint in this action. And the public has a right to know about the court's adjudication of cases involving institutions funded by tax dollars.

Having considered the relevant factors, the court concludes that the only document that should be sealed is the group exhibit of 798 pages of plaintiff's medical and psychiatric records from the Department of State Hospitals, submitted on a compact disk. Plaintiff's privacy interests are diminished in this case in which he has claimed that prison doctors are providing inadequate mental health care to him, but there is no need to make his entire mental health history open to the public. Accordingly, the court GRANTS defendants' motion to file documents under seal as to that one exhibit and DENIES the motion as to all the other documents in support of defendants' motion for summary judgment. (Docket # 50.) The court instructs as follows to implement this ruling:

1. Defendants shall file a copy of Exhibit A to the Declaration of William Kulka, M.D. *under seal*. It is preferred that defendants electronically file a copy of the documents on the compact disk; if they are unable to electronically file a copy of those documents, they may file a physical copy of the compact disk.

2. Defendants shall electronically file the following documents *not under seal*: (1) the declaration of William Kulka, M.D. with an exhibit cover sheet showing that exhibit A has been filed under seal, (2) the declaration of Matthew Knapp and exhibits thereto, (3) the declaration of Rejinther Dosange, (4) the declaration of Linda Neal, (5) the declaration of Jennifer C. Addams, (6) the proposed order granting defendants' administrative motion to file under seal, (7) defendants' *Rand* warning to plaintiff regarding opposing summary judgment, and (8) "defendants' notice of motion and motion for summary judgment; memorandum of points and authorities in support." Defendants should file the materials within **five days** of the date of this order.

Plaintiff's motion for an extension of time to file his opposition to the motion for summary judgment is GRANTED. (Docket # 51.) Plaintiff's opposition materials (Docket # 56 - # 60) are deemed to have been timely filed. Defendants' reply (Docket # 62) also is deemed to have been timely filed. The motion for summary judgment is now fully briefed and will be decided in due course.

IT IS SO ORDERED.

Dated: October 23, 2013

_____
SUSAN ILLSTON
United States District Judge

3